# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **GUY BARLOW** and **KIM M. BARLOW** | * | CIVIL NO. 09-2046 |
| | * | |
| Plaintiff | * | |
| V. | * | |
| | * | TORTS CLAIM |
| | * | |
| **UNITED STATES OF AMERICA;** | * | PLAINTIFF DEMAND'S |
| **JOHN DOE; JANE DOE;** | * | TRIAL BY JURY |
| **COMPANIES A, B and C** | * | |
| | * | |
| Defendants | * | |

# *COMPLAINT*

**TO THE HONORABLE COURT:**

    **COMES NOW**, plaintiffs through their undersigned attorney and most respectfully **STATE** and **PRAY** as follows:

## I.  *JURISDICTION*

    This Honorable Court has jurisdiction over the parties and the subject matter of this litigation pursuant to 28 U.S.C. § 1331 and under the Federal Torts Claim Act 28 U.S.C. § 2680, inasmuch the federal employees of Metropolitan Detention Center-Guaynabo failed to protect the health and wellbeing of plaintiff Guy Barlow.

    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a) since the claims alleged arose in this judicial district.

## II.     NATURE OF THE ACTION

This is a civil action to recover from damages suffered by plaintiff Guy Barlow while he was incarcerated in the Metropolitan Detention Center, Guaynabo.

## III.    PARTIES

1.   Plaintiff **GUY BARLOW** is a 53 years old United States citizen and resident of the Territory of St. Thomas, and was an inmate in the **METROPOLITAN DETENTION CENTER GUAYNABO** from October 2007 to September 2008 and from September 2008 to August 2009 at Coleman Federal Correctional Center, Florida.

2.   Defendant **METROPOLITAN DETENTION CENTER GUAYNABO** is a United States administrative facility housing male and female inmates in Guaynabo, Puerto Rico.

3.   Co-Defendants **JOHN DOE** and **JANE DOE** are unknown natural persons, who are responsible for any damages caused to plaintiffs. Once their true names are known, they will substituted.

4.   **COMPANIES A, B and C**, which represent any entities jointly responsible for the damages caused to plaintiff. Once their true names are known, they will be substituted.

## IV.    FACTS

5.   Plaintiff Guy Barlow was detained on October 2007 and incarcerated in the Metropolitan Detention Center-Guynabo (MDC-Guaynabo).

6. Since plaintiff Barlow incarceration he was having a mass over his supra pubic area, which later was determined to be a venereal wart.

7. Plaintiff Barlow complained to defendant about pain in the supra pubic area and continuous bleeding for four months, constantly. He also had to use toilet paper as bandages because MDC's employees and/or agents deliberately ignored plaintiff Barlow complaints.

8. On November 11, 2007 plaintiff Barlow medical condition was also brought to the Court's attention and the Honorable Court ordered that he be given appropriate medical treatment. However, plaintiff Barlow was not taken to the hospital or to any physician to received adequate care.

9. It was not until February 12, 2008, three months after the Court's order, that plaintiff Barlow was evaluated and operated by an urologist, Hector Ortíz, MD. As ordered by doctor Ortíz, plaintiff Barlow was supposed to received post operative care, but defendants failed to provide it to him.

10. Plaintiff Barlow was placed in his regular cell, on the top bunk and no additional treatment was offered to him. He also had to climb up and down daily to the top bunk for rest, meals and bathroom, causing plaintiff inhuman and insufferable pain.

11. Four days after the surgery the bandages were filthy, puscual soaked and plaintiff Barlow wound was torn apart due to defendants lack of medical treatment and adequate post operative care.

12.     On March 21, 2008 plaintiff Barlow was supposed to visit Doctor Ortíz for a follow up visit and the removal of the stitches.  Since plaintiff Barlow was under the custody of the Bureau of Prisons of the United States he depended on the state to attend his follow up visit.  Pitifully, doctor Ortíz orders were not followed by defendants, plaintiff Barlow was not taken to see his physician and his condition continued to deteriorate.

13.     On March 24, 2008 counsel Patricia Schrader-Cooke, plaintiff Barlow Public Defender Attorney, sent a letter to the MDC-Guynabo expressing her concern about Mr. Barlow's medical condition and requesting that he **"should be taken post haste"** to his physician.

14.     Due to defendants negligent care and disregard of MDC's personnel, plaintiffs Guy Barlow suffered unnecessary pain and severe infection that caused him permanent damages such as, but not limited to, erectile dysfunction.

15.     Plaintiff Guy Barlow has been unable to sustain sexual intercourse with his wife since his release from prison, causing both severe mental anguishes.

### V.     *NEGLIGENCE*

16.     Defendants in this case are liable for the damages suffered by plaintiffs due to the lack of care and medical treatment provided to plaintiff Guy Barlow while he was under the custody of the United States.  Defendants denied plaintiff of medical care and

adequate environment to properly heal his wound, they also failed to provide plaintiff adequate and ordered medical follow up.

Defendants and their federal employees failed to protect plaintiff Barlow, a federal prisoner, therefore they are liable for the damages suffered by plaintiffs under The Federal Torts Claim Act.

## VI.   *DAMAGES*

17.   As a direct result of all the defendants negligence and unconcern, plaintiff Guy Barlow suffered the following damages:

    a.   Mutilating scars in the affected area;

    b.   Sexual impairment;

    c.   Permanent nerve damage;

    d.   Permanent disability;

    e.   Severe infection.

18.   Plaintiff Guy Barlow damages are estimated in the amount of $750,000.00.

19.   Plaintiff Kim Barlow suffers from mental anguishes and loss of sexual copartnership due to her husband's incapacitating condition, estimated in the amount of ***two hundred and fifty thousand dollars ($250,000.00)***.

## VII. *PRAYER FOR RELIEF*

**WHEREFORE**, it is respectfully requested that Judgment be entered by this Honorable Court in favor of the plaintiffs and jointly against the defendants:

A. Granting the plaintiffs all the sums requested in the complaint, for a total of ***one million dollars ($1,000,000.00)***;

B. Imposing upon the defendants the payment of all costs and expenses to be incurred in this lawsuit;

C. Granting the plaintiffs any other relief that they may be entitled to as a matter of law; and,

D. Awarding plaintiffs a reasonable amount for attorney's fees.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, today, October 8, 2009.

*S/LUIS RAFAEL RIVERA*
*LUIS RAFAEL RIVERA*
*USDC-PR 129411*
*LUIS RAFAEL RIVERA LAW OFFICE*
CAPITAL CENTER BLDG.
SUITE 401
239 ARTERIAL HOSTOS AVENUE
HATO REY, PUERTO RICO 00918
PHONE: 787-763-1780
FAX: 787-763-2145
E-MAIL: luiswichyrivera@hotmail.com

*S/MICHELLE ANNET RAMOS JIMENEZ*
*MICHELLE ANNET RAMOS JIMENEZ*
*USDC-PR 225303*
*LUIS RAFAEL RIVERA LAW OFFICE*