IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| Guy Barlow, et al.<br>Plaintiffs<br><br>Vs.<br><br>United States of America<br>Defendant | Civil No. 09-2046 (GAG) |
|---|---|

MOTION FOR PARTIAL DISMISSAL OF THE COMPLAINT
FOR LACK OF JURISDICTION

TO THE HONORABLE COURT:

COMES NOW, the United States of America, through its undersigned attorneys and very respectfully STATES, ALLEGES AND PRAYS:

**I. Introduction:**

Plainitiffs Guy Barlow and his wife Kim Barlow filed the instant suit pursuant to the Federal Tort Claims Act, "FTCA", 28 U.S.C., § 2671, et seq., against the United States of America for alleged negligent management of Plaintiff Guy Barlow's medical condition while under custody at the Metropolitan Detention Center in Guaynabo. Plaintiffs specifically allege that as consequence of Defendant's negligent medical care, Plaintiff Barlow was submitted to a urologic surgical procedure on February 12, 2008 .

Co-Plaintiff Guy Barlow proceeded to file his administrative claim under the FTCA dated October 7, 2008. (Exhibit I).[1] However, his wife Kim Barlow has failed to file an administrative

---

[1] In ruling on a motion to dismiss, a court "may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint without converting the motion into one for summary judgment." *Clorox Co. PR v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 32 (1st Cir. 2000)).

claim under the FTCA, within the two year jurisdictional statute of limitations. Under such circumstances, and pursuant to sovereign immunity, Co-Plaintiff Kim Barlow's complaint is forever barred. See 28 U.S.C. § 2401(b). Consequently, the United States of America respectfully requests the partial dismissal of the with prejudice as to Co-Plaintiff's Kim Barlow's cause of action.

## II. STANDARD FOR REVIEW:

**-Motion to Dismiss under Fed. R. Civ. P. 12(b)(1).**

Under Rule 12(b)(1), a defendant may move to dismiss an action for lack of federal subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction has the burden of demonstrating its existence. *Skwira v. United States*, 344 F.3d 64, 71 (1st Cir. 2003) (citing *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995)). The court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction. *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). Rule 12(b)(1) is a "large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction," including ripeness, mootness, the existence of a federal question, diversity, and sovereign immunity. *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 362-63 (1st Cir. 2001).

## III. ARGUMENT:

**-Plaintiff Kim Barlow Failure to Timely Exhaust Administrative Remedies Under the FTCA:**

Plaintiff Kim Barlow has joined her husband Guy Barlow in this civil suit in request for damages over alleged wrongful or negligent medical treatment to her husband, which they contend required urological surgery on February 12, 2008.[2]   Notwithstanding unlike her husband, Kim

---

[2] The FTCA claim filed by Mr. Guy Barlow, (Exhibit 1), indicates that the date of the events leading to his claim for damages was 2-12-2007. However, the defendant concedes that the correct year of the incident should be 2-12-2008, as the medical records reflect.

Barlow did not file the administrative claim required under the FTCA. Kim Barlow's failure to file an administrative claim within the two year statute of limitations set forth by the FTCA bars her from suing the United States of America.

Under the FTCA, 28 U.S.C. §2671 et seq., the United States is liable for the negligent acts or omissions of its employees while acting within the scope of their employment, under circumstances in which a private person would be liable pursuant to the law of the place where the acts or omissions occurred. 28 U.S.C. 2674(b). This statute is to be construed as a limited waiver of sovereign immunity. The applicable law to define the standard of fault and recovery is the law of the place where the incident occurred. See, *Richardson v. United States*, 369 U.S. 1, 15 (1962). Tort liability in this jurisdiction arises under the Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A., §5141. However, It is well established that the United States Government, as sovereign, is immune from suit unless it consents to be sued. The terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. See *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

Congress has created a limited waiver of sovereign immunity in the Federal Tort Claims Act 28 U.S.C. 2671, et seq. (FTCA); suits must comply with the terms and conditions strictly prescribed by Congress. *Honda v. Clark*, 386 U.S. 484, 501 (1967). The Supreme Court has specifically reminded the courts that the FTCA is a partial waiver of sovereign immunity and that the courts should not take it upon themselves to extend that waiver beyond the intention of Congress. *United States v. Kubrick*, 444 U.S. 111, 117 (1979). Title 28, U.S.C., §2675(a) specifically requires the filing of an administrative claim with the appropriate federal agency prior to filing an action for tort damages against the United States. Congress has specifically set the time limitations in which the

administrative claim may be filed, noting that the failure to comply with such statute of limitations will render a claim or complaint forever barred.

The FTCA at 28 U.S.C. § 2401(b), provides:

"A tort claim against the United States **shall be forever barred** unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues **or unless action is begun within six months after the date of mailing, by certified or regular mail, of notice of final denial of the claim by the agency to which it was presented.**" (Emphasis ours).

Consonant with the jurisdictional statute of limitations, the First Circuit has noted that the statute requires that a claimant present an administrative tort claim with the appropriate agency within the term of two years of accrual of the claim. *See Barrett ex rel. Estate of Barrett v. United States*, 462 F.3d 28 (1st Cir. 2006). In the instant case, Plaintiff Kim Barlow failed to comply with the jurisdictional requirement of filing an administrative claim with the appropriate agency, the U.S. Bureau of Prison, within the two year term from Plaintiff Guy Barlow's alleged tort injury of February 12, 2008. As of this date there is no record of any administrative claim filed by Plaintiff Kim Barlow. (See, Exhibit II, Declaration of Gerelene Gooden for the Bureau of Prisons).

Courts have held that the Plaintiff has the burden of proving that the claim was timely presented, *see, Johnson v. Smithsonian Institution*, 189 F.3d 180, 189 (2d Cir. 1999) ("The burden is on the plaintiff to plead and prove compliance with § 2401(b)."); *In re Agent Orange Prod. Liab. Litigation*, 818 F.2d 210, 214 (2d Cir. 1987). A claim shall be deemed presented under the FTCA **when the federal agency receives the claim, not when it is mailed by the claimant**. 28 C.F.R. § 14.2(a); *Moya v. United States*, 35 F.3d 501, 504 (10th Cir. 1994); *Bailey v. United States*, 642 F.2d 344, 346 (9th Cir. 1981). (Emphasis ours). Moreover, it is the Plaintiff's burden to establish the proper agency's receipt of the claim. See, e.g., *Moya*, supra at 504; *Bailey*, supra at 346; *Anderson*

*v. United States*, 744 F.Supp. 641, 643 n.5 (E.E.Pa. 1990) (government's motion to dismiss granted where plaintiff had no receipt to prove claim was timely presented to the proper agency).  In the instant case, dismissal of the complaint as to Plaintiff Kim Barlow is warranted upon her failure to file an administrative claim with the Bureau of Prisons within the two year statute of limitations.

Consonant with the above standards the U.S. Supreme Court in *McNeil v. U.S.* 508 U.S. 106, 113 (1993), stated that " in the long run, experience teaches that strict adherence to the procedural requirements specified the legislature is the best guarantee of evenhanded administration of law.".... "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.  Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit".  Overwhelming case law has established rendered this two year statute of limitations as a jurisdictional pre-requisite to claim tort damages against the United States.

In *United States v. Kubrick*, 444 U.S. 111, 117-118 (1979), the Supreme Court held that the FTCA is a waiver of the United States' sovereign immunity and that the FTCA's statute of limitations "is a condition of that waiver."  *See also, Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature.").  *Gonzalez v. United States*, 284 F.3d 281, 287 (1st Cir. 2002).  Being the statute of limitations for the Federal Tort Claims Act jurisdictional in nature, a defense of limitations can be raised on a motion to dismiss, even if not pleaded in an answer; indeed, it can be raised *sua sponte* by a court. *See*, *e.g.*, *Johnston v. United States*, 85 F.3d 217, 218 n.2 (5th Cir. 1996); *Vernell v. U.S. Postal Service*, 819 F.2d 108, 110 (5th Cir. 1987); *Hart v. United States*, 817 F.2d 78, 80 (9th Cir. 1987).

Moreover, as a jurisdictional defense, it cannot be waived, *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002); *Kendall v. Watkins*, 998 F.2d 848, 852 (10th Cir. 1993); *Attallah v. United States*, 955 F.2d 776, 779 (1st Cir. 1992); *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992); *Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991); *Osborn v. United States*, 918 F.2d 724, 728 (8th Cir. 1990); *Gonzalez-Bernal v. United States*, 907 F.2d 246, 248 (1st Cir. 1990); *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir. 1986); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); *Bailey v. United States*, 642 F.2d 344, 346 (9th Cir. 1981); *Rooney v. United States*, 634 F.2d 1238, 1242 (9th Cir. 1980), *cf. Munro v. United States*, 303 U.S. 36, 41 (1938), and, importantly, plaintiff has the burden of proving that the claim was timely presented, *see, e.g. Johnson v. Smithsonian Institution*, 189 F.3d 180, 189 (2d Cir. 1999) ("The burden is on the plaintiff to plead and prove compliance with § 2401(b)."); *In re Agent Orange Prod. Liab. Litigation*, 818 F.2d 210, 214 (2d Cir. 1987).

The law is well settled that neither State statutes of limitations nor State tolling provisions apply in FTCA litigation. The courts have repeatedly held that the time limits prescribed by 28 U.S.C. § 2401(b), rather than time limits prescribed by State statutes of limitations, apply to Federal Tort Claims Act claims. *See*, *e.g.*, *Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994); *Pipkin v. United States*, 951 F.2d 272, 274-75 (10th Cir. 1991); *Poindexter v. United States*, 647 F.2d 34, 36-37 (9th Cir. 1981); *United States v. Westfall*, 197 F.2d 765, 766 (9th Cir. 1952); *Young v. United States*, 184 F.2d 587, 589-90 (D.C. Cir. 1950); *State of Maryland ex rel. Burkhardt v. United States*, 165 F.2d 869, 872 (4th Cir. 1947).

The strict application fo the two year statute of limitation under section 2401(b) of the FTCA has barred claims even under allegations of the infancy of the claimant. *See, e.g., McCall v. United States*, 310 F.3d 984, 988 (7th Cir. 2002); *Papa v. United States*, 281 F.3d 1004, 1011 (9th Cir.

6

2002); *MacMillan v. United States*, 46 F.3d 377, 381 (5th Cir. 1995); *Landreth v. United States*, 850 F.2d 532, 534 (9th Cir. 1988); *Jastremski v. United States*, 737 F.2d 666, 669 (7th Cir. 1984); *Fernandez v. United States*, 673 F.2d 269, 271 (9th Cir. 1982); *Leonhard v. United States*, 633 F.2d 599 (2d Cir. 1980); *Robbins v. United States*, 624 F.2d 971, 972 (10th Cir. 1980); *Smith v. United States*, 588 F.2d 1209, 1211 (8th Cir. 1978); *Simon v. United States*, 244 F.2d 703 (5th Cir. 1957). There is no tolling for infancy even where the infant's only parent abandons the child and no legal guardian has been appointed during the two year period following injury. *Zavala v. United States*, 876 F.2d 780 (9th Cir. 1989). Likewise, a claimant's mental disability or insanity ordinarily does not toll the statute of limitations. *Barren v. United States*, 839 F.2d 987 (3d Cir. 1988); *Casias v. United States*, 532 F.2d 1339 (10th Cir. 1976); *Arccadi v. United States*, 435 F.2d 1239, 1240 (3d Cir. 1970).

Finally, Plaintiff Kim Barlow may not rely on the administrative tort claim filed by her husband Guy Barlow to allege compliance with the statutory requirement. If there are multiple claimants in an FTCA case, each claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim. See Haceesa v. United States, 309 F.3d 722 (10th Cir. 2002); Muth v. United States, 1 F.3d 246, 249 (10th Cir. 1993).

**VII. CONCLUSION:**

In accordance with the aforementioned factual and legal arguments, Plaintiff Kim Barlow's claim against the United States is precluded by sovereign immunity. Plaintiff's failure to file an administrative tort claim with the Bureau of Prisons within the term of two years deems her claim forever barred. Therefore, dismissal with prejudice of all claims presented by Kim Barlow is appropriate as a matter of law.

**WHEREFORE**, in light of the above foundations of fact and law, the United States of America respectfully requests that this Honorable Court dismiss all claims presented by Plaintiff Kim Barlow with prejudice.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 19th day of April, 2010.

Rosa Emilia Rodriguez-Velez
United States Attorney

s / Hector E. Ramirez-Carbo
Hector E. Ramirez Carbo
Assistant United States Attorney
U.S.D.C. - PR 214902
Torre Chardon, Suite 1201
350 Carlos Chardon Street
San Juan, Puerto Rico 00918
Telephone: (787) 766-5656
Facsimile: (787) 766-6219
Email: hector.e.ramirez@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all attorneys of record.

s / Hector E. Ramirez-Carbo
Hector E. Ramirez Carbo
Assistant United States Attorney