# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **GUY BARLOW, et al.** | * | **CIVIL NO. 09-2046(GAG)** |
| | * | |
| **PLAINTIFFS** | * | |
| | * | **Federal Tort Claims Act** |
| **V.** | * | |
| | * | |
| **UNITED STATES OF AMERICA, et al.** | * | |
| | * | |
| **DEFENDANTS** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFFS' OPPOSITION TO MOTION FOR PARTIAL DISMISSAL OF THE COMPLAINT FOR LACK OF JURISDICTION

**TO THE HONORABLE COURT:**

**COMES NOW**, plaintiffs through their undersigned attorney and most respectfully **STATE** and **PRAY** as follows:

**I.    INTRODUCTION:**

1. On April 19, 2010 defendant United States of America filed a Motion for Partial Dismissal of the Complaint for Lack of Jurisdiction. *(Docket # 16)*.

2. On April 20, 2010 this Honorable Court instructed plaintiffs to show cause as to why Mrs. Barlow's FTCA claims should not be dismissed with prejudice for failure to exhaust administrative remedies. *(Docket # 17)*.

3. Plaintiffs hereby state to this Honorable Court that plaintiff Kim Barlow's claim is not time barred. However, the administrative claim on behalf of Kim Barlow was mailed on April 22, 2010. *(Exhibit#1: Copy of Kim Barlow's FTCA administrative claim and Certified Mail*

*Receipt)*.  Therefore, her claim should not be dismissed, or in the alternative, should be dismissed without prejudice.

**II.     FACTS:**

1.      Plaintiff Guy Barlow was detained on October 2007 and incarcerated in the Metropolitan Detention Center-Guaynabo (MDC-Guaynabo). He was released from imprisonment on August 28, 2009.

2.      Since his incarceration, Plaintiff Guy Barlow complained to defendant MDC-uaynabo's personnel about pain in the supra pubic area and continuous bleeding for four months. He also had to use toilet paper as bandages because MDC's employees and/or agents ignored plaintiff Barlow's complaints.

3.      On November 11, 2007 plaintiff Barlow medical condition was also brought to the Court's attention and the Honorable Judge Daniel Domínguez ordered that he be given appropriate medical treatment. However, plaintiff Barlow was not taken to the hospital nor to any physician to received adequate care.

4.      Finally, plaintiff Guy Barlow was operated by urologist Héctor Ortíz on **February 12, 2008** and a mass over his groin area was removed.

5.      On late **March 2008** stitches were removed by Dr. Ortíz and plaintiff Guy Barlow was transferred to MDC-Guaynabo.

6.      From late March thru May 2008 plaintiff Guy Barlow keep having complications with his wound and suffered terrible pain when erection occurs.

7.      As defendant alleged on the Joint Initial Scheduling Conference Memorandum, *(Docket*

*# 14)*, **on May 2, 2008 MDC-Guynabo's Clinical Director noted on plaintiff's record that he observed evidence of adhesions at the basis of plaintiff Guy Barlow's penis. On or about this date, Mr. Barlow realized that he had serious constant pain whenever he had an erection.**

8.  On November 14, 2008 plaintiff Guy Barlow filed an FTCA administrative claim with the Bureau of Prisons for personal injury due to lack of post-operative care.

9.  **Plaintiff Guy Barlow has been unable to sustain sexual intercourse with his wife since his release from prison on August 28, 2009.**

10.  Plaintiff Kim Barlow presented her administrative claim under FTCA with the Bureu of Prisons on April 22, 2010, within two years <u>after the lack of post-operative care</u> and erectile dysfunction suffered by her husband Guy Barlow.

### III.   ARGUMENT:

11.  Plaintiff Guy Barlow claim was based on <u>lack of post operative care</u> at the Metropolitan Detention Center-Guaynabo and subsequent <u>erectile dysfunction</u>. The surgery was done on February 12, 2008, but the post-operative care lasted from February to May 2008.

12.  The damages suffered by plaintiff Guy Barlow were known by him during the month of May were he noticed terrible and constant pain when erection occurs and the Clinical Director of MDC-Guaynabo noted that he observed evidence of adhesions at the basis of plaintiff Guy Barlow's penis.

13.  The statute of limitations under the Federal Torts Claim Act (hereinafter FTCA) is contained in <u>28 U. S. C. 2401 (b)</u>, which provides in pertinent part:

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues."

14. The standard for interpreting the FTCA was set forth in <u>Indian Towing Co. v. United States,</u> 350 U. S. 61 (1955). There, the Supreme Court recognized both a duty of strict statutory construction of a statute which abrogates sovereign immunity, along with the duty to interpret the statute so as not to make the abrogation of immunity more narrow than Congress intended. There is no definition of when a "claim accrues" in the Act itself, <u>28 U. S. C. 2401(b).</u> The sparse and sketchy legislative history of the FTCA, a part of the Legislative Reorganization Act of 1946, is of no help in determining what Congress meant by "accrues" or in determining Congress' attitude toward the statute of limitations; likewise the legislative history of the amendments to the FTCA are no aid.

15. To ensure compliance with the purposes of that Act and to ensure equitable treatment, a claimant must discover all aspects of his cause of action; injury, causation, duty and breach of that duty before a claim can be said to have accrued.

16. Medical malpractice claims are often technically complex and supporting evidence is not readily accessible to the layman.

17. Medical malpractice cases are an exception to rigid rule under Federal Tort Claims Act that a claim accrues at time of the injury; in medical malpractice cases the two-year limitations period does not begin to run until claimant has discovered, or in exercise of reasonable diligence should have discovered, existence of the acts of malpractice on which the claim is based. <u>28 U.S.C.A. §§ 2401(b), 2674</u>.

18.     The ordinary meaning of accrual is "to vest as a right." To ensure that the FTCA purposes are complied with in technical medical malpractice cases, "accrual" must be interpreted to include all aspects of a cause of action - injury, causation, duty and breach of duty. None of the purposes of the statute of limitations are thwarted when these elements must be discovered before an action accrues. The respondent was not sleeping on his rights - he was not aware of them.

19.     <u>United States v. Brown,</u> 348 U. S. 110 (1954) held that medical malpractice claims were among the torts that Congress meant to include within the coverage of the Federal Tort Claims Act.

20.     The plaintiff in a medical malpractice case however, is in a different position from the usual FTCA claimant in his ability to discover and to act on his claim for several reasons.  In most actions prosecuted under the FTCA, the claimant is aware of the likelihood of negligence coincidentally with his awareness of his injury. Unfortunately, in the medical malpractice area, the existence of the injury, its causation, and the negligence of the medical practitioner may all elude the claimant. Questions of causation are difficult to comprehend, as are  questions of duty and breach of that duty.

21.     The plaintiff must grasp the medical complexities of the cause of his injury and, further, must understand that malpractice was involved in his treatment.  To acquire knowledge relating to causation and malpractice, the claimant must rely on medical advice unless they are easily identifiable. In the difficult case, absent such expert advice, the plaintiff remains ignorant of whether his cause of action is viable.

22.     Since claimants in complex medical malpractice cases have a difficult task in determining all aspects of the cause of action, the statute of limitations rule which governs the FTCA

must allow the plaintiff to discover all elements of his cause of action: injury; causation, duty, and breach of that duty. Such a rule is consonant with the purposes of the FTCA, the history of the Act, and the purposes of a statute of limitations.

23. An FTCA claim accrues at the time of the plaintiff's injury, "although in certain instances, particularly in medical malpractice cases, accrual may be postponed until the plaintiff has or with reasonable diligence should have discovered the critical facts of both his injury and its cause." *Barrett v. United States,* 689 F.2d 324, 327 (2d Cir.1982).

24. In Caron v. United States, 548 F.2d 366 (1st Cir. 1976), the limitation period commenced when parents learned that an improper injection given while she was an infant caused brain damage to their 12-year-old daughter. See also Portis v. United States, 483 F.2d 670 (4th Cir. 1973) (neomycin improperly administered in 1963, causing deafness, not recognized as the culprit until 1969); Toal v. United States, 438 F.2d 222 (2d Cir. 1971) (pantopaque dye left in spinal column after myelogram discovered years later to be cause of brain inflammation).

## IV.    CONCLUSION:

For the reasons stated above, plaintiff Kim Barlow's claim is not time barred because the administrative claim was mailed on April 22, 2010, within two years after the lack of post-operative care and erectile dysfunction suffered by her husband Guy Barlow. Therefore her claim should not be dismissed, or in the alternative, should be dismissed **without prejudice**.

**WHEREFORE**, it is respectfully requested that defendant's Motion for Partial Dismissal of the Complaint for Lack of Jurisdiction **BE DENIED**.

In San Juan, Puerto Rico, today, April 27, 2010.

*S/LUIS RAFAEL RIVERA*
*LUIS RAFAEL RIVERA*
*USDC-PR 129411*
*LUIS RAFAEL RIVERA LAW OFFICE*
CAPITAL CENTER BLDG.
SUITE 401
239 ARTERIAL HOSTOS AVENUE
HATO REY, PUERTO RICO 00918
PHONE: 787-763-1780
FAX: 787-763-2145
E-MAIL: lrriver@prtc.net
luiswichyrivera@hotmail.com

*S/MICHELLE ANNET RAMOS JIMENEZ*
*MICHELLE ANNET RAMOS JIMENEZ*
*USDC-PR 225303*
*LUIS RAFAEL RIVERA LAW OFFICE*

**I HEREBY CERTIFY:** That on this same date I electronically filed the foregoing document with the Clerk of the Court for the District of Puerto Rico, through the CM/ECF system, which will provide notification of this filing to all the parties involved in the present case.

*S/LUIS RAFAEL RIVERA*
*LUIS RAFAEL RIVERA*
*USDC-PR 129411*
*LUIS RAFAEL RIVERA LAW OFFICE*

*S/MICHELLE ANNET RAMOS JIMENEZ*
*MICHELLE ANNET RAMOS JIMENEZ*
*USDC-PR 225303*
*LUIS RAFAEL RIVERA LAW OFFICE*