IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Guy Barlow, et al.<br>Plaintiffs<br><br>Vs.<br><br>United States of America<br>Defendant | Civil No. 09-2046 (GAG) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS**

TO THE HONORABLE COURT:

COMES NOW, the United States of America, through its undersigned attorneys and very respectfully STATES, ALLEGES AND PRAYS:

**I. Introduction:**

On April 27th , 2010 Plaintiff Kim Barlow filed her opposition to Defendant's Motion to Dismiss. Along with her opposition, Plaintiff Kim Barlow attached a copy of an FTCA Administrative Claim mailed on April 22, 2010. This filing comes 3 days after the Defendant filed a Motion to Dismiss for Plaintiff's failure to timely toll the statute of limitation for a claim under the Federal Tort Claims Act, "FTCA". Filing an FTCA after Defendant's Motion to Dismiss was filed confirms Kim Barlow's failure to file the same prior to presenting the Complaint in the instant case. For the reasons further discussed in this motion, , the Complaint filed by Kim Barlow must be dismissed even after the filing of an administrative claim on April 22, 2010, which would render her District Court Complaint premature.

Additionally, Plaintiff argues that the statute of limitations does not begin to accrue until Plaintiff Guy Barlow found out that the alleged delay in treatment or wrongful treatment caused him alleged problems with erections. Defendant contends that this is not the standard for accrual

of the statute of limitations of the FTCA. Controlling case law establishes that a Plaintiff in a medical malpractice case must not await until he finds out about the final consequence of his damages. Therefore, Plaintiff Kim Barlow's FTCA Claim filed on April 22, 2010 is time barred.

**II. ARGUMENT**:

**a. Plaintiff's Filing of an Administrative Claim on April 22, 2010 Renders her District Court Complaint Premature:**

Plaintiff Kim Barlow filed an FTCA administrative claim on April 22, 2010. Although the appearing party argues that such filing is beyond the two year statute of limitation, the Complaint filed by Kim Barlow still warrants dismissal, since this filing of the FTCA claim renders her previous District Court Complaint premature. To this effect, the FTCA at 28 U.S.C., §2675(a) states that "an action shall not be instituted upon a claim against the United States for money damages for injury or loss .... unless the claimant shal have first presented the claim to the appropriate Federal Agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." Therefore, assuming for the sake of argument that Kim Barlow's FTCA claim is timely, (which the appearing defendant denies), the Complaint filed in the instant case on her behalf is premature, as the federal agency would have a period of 6 months to evaluate the claim. Clear statutory text bars a complaint filed unless 6 months have elapsed from the time the FTCA claim was presented to the federal agency.

Consonant with the above standards the U.S. Supreme Court in *McNeil v. U.S.* 508 U.S. 106, 113 (1993), stated that " in the long run, experience teaches that strict adherence to the procedural

requirements specified the legislature is the best guarantee of evenhanded administration of law..... The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit". Therefore, the United States of America respectfully request in the event this Honorable Court deems that the claim is not time barred, that Plaintiff Kim Barlow's complaint be dismissed as premature.

### b. The Administrative Claim filed by Kim Barlow is Time Barred:

Plaintiff Kim Barlow's Opposition to Motion to Dismiss argues that the statute of limitations in the instant case did not begin to accrue until May of 2008, when Guy Barlow first found out about supposed problems with erections, despite of the fact that he claims to have been complaining of his medical condition and of the alleged lack of medical treatment since he was detained in October 2007. Plaintiff's contentions relies on the cases of *Caron v. United States*, 548 F.2d 366 (1st Cir. 1976); *Portis v. United States*, 438 F.2d 670 (4th Cir. 1973); and *Toal v. United States*, 438 F.2d 222 (1971). However the above cases were all distinguished by *Kubrick v. United States*, 581 F.2d 1092 (3rd Cir. 1978) and *Portis* was overruled by the Fourth Circuit in 1995. See *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995). Additionally, the facts leading to the decisions in *Carson, Portis and Toal* are inapposite to the instant case.

In the cases relied upon by Plaintiff, there was no reasonable way that a Plaintiff would suspect medical negligence, even employing due diligence. In *Carson*, as in *Portis*, the plaintiffs were faced a condition that even the physicians were not able to assess. In *Toal*, the Plaintiff even with due diligence would not have thought of medical negligence, since the plaintiffs were assured by the physician that pantopaque dye, would do him no harm, and the government's physician had

3

delayed placing the note on the medical record that the pantopaque dye had not been removed. Therefore, the private physician they consulted was not able to determine this and there was no way for plaintiff to suspect that a malpractice had occurred.  In *Kubrick*, supra, the Third Circuit, while distinguishing these cases noted that "the limitation period does not begin to run even though the patient perceives the relationship between treatment and injury, if despite due diligence, he has no reason to believe there was any negligence."   This Honorable Court should notice that the Fourth Circuit overruled its decision in *Portis v. United States*, taking into account that the standard for the statute of limitations set by the Supreme Court in *United States v. Kubrick*, 444 U.S. 111 (1979). See *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995), ("To the extent that our earlier decision in *Portis v. United States*, 483 F.2d 670 (4th cir. 1973), may stand for a standard contrary to that adopted in *Kubrick*, it was overruled by *Kubrick*, and it is now well established that a federal cause of action accrues upon inquiry notice").  *Nasim* at 955.

    Plaintiff Kim Barlow's cited cases are similar in nature to the facts leading to the decision in *Stoleson v. United States*, 629 F.2d 1265 (7th Cir. 1980).  In *Stoleson*, the Seventh Circuit clarified that "any plaintiff who is blamelessly ignorant of the existence of the cause of his injury, shall be accorded the benefit of the discovery rule". However, those facts are far removed and completely distinguishable from the facts in the instant case.  The Complaint provides sufficient facts to determine that at least by February 12, 2008, when Plaintiff had undergone his urologic surgery, they had sufficient knowledge or belief that he had been provided sub-standard medical treatment.  In ¶8 of the Complaint Plaintiffs state that by November 11, 2007 they had brought Plaintiff Barlow's medical condition to the attention of the Court.  They further state that on March 24, 2008 Counsel Patricia Schrader-Cooke sent a letter to MDC Guaynabo, expressing her concern about Barlow's

medical condition. See Complaint ¶13. Additionally, Plaintiff Kim Barlow states in her FTCA claim (Attachment I of Docket 19), that "this all happened on Presidents Day Weekend of 2008", making reference to the an incident after the surgery of February 12, 2008 in which Barlow claims to have received sub-standard medical treatment. This incident describe by Mrs. Barlow Certainly placed the burden on Plaintiffs to employ due diligence in the filing of a timely administrative claim.

The FTCA under 28 U.S..C., §2401(b) establishes that a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless action is begun within 6 months after the date of mailing by certified or registered mail, or notice of final denial of the claim by the agency to which it was presented. A Tort claim generally accrues for purposes of the Federal Tort Claims act at the time of plaintiff's injury. See 28 U.S.C.A.§2401(b). Courts have interpreted that the statute of limitations of a federal tort claim begins to run either when the government cause is known or when a reasonably diligent person in claimant's position reacting to any suspicious circumstances of which he might have been aware, would have discovered the government cause, whichever comes first. *Drazan v. U.S.*, 762 F.2d 56 (7th Cir. 1985). That is, the two year statute of limitations in Federal Tort claims Act begins to run when the plaintiff has the information necessary to discover both his injury and its cause; it is the cause within the government's control of which the federal claimant must have notice, actual or implied. *Nemmers v. United States*, 681 F. Supp. 567, (1988).

The leading case in the matter of statute of limitation decided by the Supreme Court of Puerto Rico is the case of *Vera Morales v. Dr. Alfredo Bravo Colon*, 2004 JTS 40. To this regard, the Supreme Court of Puerto Rico in *Vera Morales*, supra, established that for a period of statute of limitations to begin to accrue, a plaintiff must not await until the final or full extent of the damages.

(Translation ours).  Federal Courts have also noted that the limitations period "begins to run upon the discovery of the injury, even if the full extent of the injury is not discovered until much later..." *Goodhand v. United States*, 40 F.3d 209 (7th Cir. 1994).  In *United States v. Kubrick*, 444 U.S. 111 (1979) the Supreme Court of the United States established that the two year statute of limitations for a claim under the Federal Tort Claims Act begins to elapse when plaintiff became aware of his/her injury and its probable cause.  In *Attallah v. United States*, 955 F2nd 776 (1st Cir. 1992) the Court reminded that filing of a timely administrative claim is a jurisdictional requirement for suits under the Federal Tort Claims Act which cannot be waived and, if the claimant fails to comply with that requirement, the claim is forever barred.

In the instant case, Plaintiff Kim Barlow's failure to file an FTCA administrative claim within the FTCA's two year statute of limitations renders her complaint time barred.  Plaintiff's chronology of facts as stated in the complaint, as well as in Kim Barlow's April 22, 2010 administrative claim provides sufficient grounds to determine that Plaintiffs had sufficient knowledge or suspicion of the alleged negligent medical care  as early as October 2007 and as late as March 24, 2008.  Plaintiffs had the burden to employ due diligence in the filing of their claim.

### VII. CONCLUSION:

In accordance with the aforementioned factual and legal arguments, Plaintiff Kim Barlow's claim against the United States is precluded by sovereign immunity.  In the alternative, the District Court complaint filed on behalf of Kim Barlow, prior to her administrative claim of April 22, 2010 is premature and equally warrants dismissal.

**WHEREFORE**, in light of the above foundations of fact and law, the United States of America respectfully requests that this Honorable Court dismiss all claims presented by Plaintiff

Kim Barlow with prejudice.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 28th day of April, 2010.

Rosa Emilia Rodriguez-Velez
United States Attorney

s / Hector E. Ramirez-Carbo
Hector E. Ramirez Carbo
Assistant United States Attorney
U.S.D.C. - PR 214902
Torre Chardon, Suite 1201
350 Carlos Chardon Street
San Juan, Puerto Rico 00918
Telephone: (787) 766-5656
Facsimile: (787) 766-6219
Email: hector.e.ramirez@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all attorneys of record.

s / Hector E. Ramirez-Carbo
Hector E. Ramirez Carbo
Assistant United States Attorney